## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL ELKINS**
   **Petitioner-Defendant,**

 v.           **Case No. 12-C-0781**
              **(Criminal Case No. 11-CR-131)**

**UNITED STATES OF AMERICA**
   **Respondent-Plaintiff.**

---

### ORDER

On August 9, 2012, I denied petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In that motion, petitioner alleged that his lawyer provided ineffective assistance regarding a guideline enhancement under U.S.S.G. § 2A6.1(b)(2); that he was denied the right to go to trial on two severed counts; and that his lawyer failed to provide discovery, test evidence, and contact a potential witness. I found that his claims lacked merit, dismissed the action, and declined to issue a certificate of appealability ("COA").

On September 24, 2012, petitioner filed a letter indicating that he had recently spotted another error in his PSR. (R. 53.) He asks for the ability to file a second § 2255 motion raising this issue or a COA on the entire case so he may proceed to the Seventh Circuit. Only the court of appeals may authorize a second or successive collateral attack. 28 U.S.C. § 2255(h). Petitioner provides no reason for me to reconsider my previous COA denial on his original claims. His new claim is not properly before me, and, in any event, lacks merit.[1]

---

[1] Petitioner claims that the bail jumping sentence listed in ¶ 86 of his PSR should not have scored criminal history points under United States v. Garrett, 528 F.3d 525 (7th Cir. 2008). Garrett does not apply to this sentence. Garrett holds that misdemeanor bail jumping under Wisconsin law is similar to "contempt of court" and thus subject to the limitations in

**THEREFORE, IT IS ORDERED** that petitioner's request for permission to file a second or successive § 2255 motion is **DISMISSED**, and his request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of October, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

U.S.S.G. § 4A1.2(c)(1). Id. at 528. Section 4A1.2(c) provides that sentences for all "felony offenses" are counted, but misdemeanor sentences for the offenses enumerated in sub-section (c)(1), including contempt of court, score only if the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days. In the ¶ 86 case, petitioner, charged as a repeat offender, received a sentence of 3 years imprisonment, stayed for 3 years probation, which probation was later revoked. The sentence qualified under U.S.S.G. § 4A1.2(c)(1)(A) and U.S.S.G. § 4A1.2(o), and properly scored 3 points under U.S.S.G. §§ 4A1.1(a) & 4A1.2(k)(1).

2